Jason Zhou
8 Wilbur Road
New Hartford, NY 13413
(315) 601-0430
September 29, 2009

Douglas J. Goglia, Esq.
Office of the Attorney General
The Capitol
Albany, NY 12224

Re: Zhou v. SUNYIT, 6:08-CV-0444 (DNH) (GJD) (N.D,N.Y);
Zhou v. SUNYIT, 4:09-mc-00323 (MM) (M.D. Pa.)

Dear Mr. Goglia,

This is response to your letter dated September 26, 2009. First, the FRCP clearly requires *prior* notice, not contemporary notice. As stated in the case you cite, "there is no question that *Rule 45(b)(1)* requires a party issuing a subpoena to serve 'prior notice' to all of the other parties to the litigation." *Kingsway Fin. Serv. V. Price Waterhouse-Coopers LP*, 2008 U.S. Dist. LEXIS 77018, *9-10 (S.D.N.Y. 2008).1 You clearly did not comply with the rule.

Second, while you can notice a deposition under Rule 30, but that provision does not cover a request for documents, which can only be made pursuant to Rule 45 (triggering the notice requirement that you failed to observe). *See Rule 30(b)(2)*. Moreover, to the extent the subpoena demands a deposition, it is also subject to being quashed pursuant to Rule 45(c)(3)(A)(ii), as you are requiring attendance at a deposition more than 100 miles away.

Third, that case also acknowledges that some courts quash based solely on failure to give prior notice (citing *Murphy v. Bd. of Educ. of Rochester City Sch. Dist.*, 196 F.R.D. 220, 222, 226-28 (W.D.N.Y. 2000); *Schweizer v. Mulvehill*, 93 F. Supp. 2d 376, 411 (S.D.N.Y. 2000). Thus, threat of sanctions is baseless, abusive and therefore itself is sanctionable.2

Finally, the fact that your subpoena is based on the fact that you "suspect" that my performance at Bloomsburg was "wanting" establishes that you are engaging in a "fishing expedition." This suspicion, for which no basis is offered, does not even address the authorities cited in my motion to quash establishing that, even if such evidence existed, it would not be admissible.

---

[1]*Kingsway Financial Services* is a Southern District of New York case, not, as you assert, a Northern District case. Similarly, the second case that you cite, *Seewald v. IIS Intelligent Information Systems*, is from the Eastern District of New York, not the Northern District (as you incorrectly assert).

[2]Should you seek sanctions against me, I will seek sanctions based upon your improper threat of sanctions and what would be an improper request for sanctions.

Your complaint that I have involved the Middle District of Pennsylvania is odd. When I gave you notice of my intention to do so, absent your withdrawal of the subpoena, you said to go ahead and file the motion. Further, the Rules require that a motion to quash be filed where the subpoena was issued.

You now state that the deposition has been postponed. You do not state whether the request for production of documents has also been postponed. If it has been, and if you are willing to place the matter of the propriety of the subpoena in Judge DiBianco's hands, I would suggest that we jointly request that the Middle District of Pennsylvania hold the motion in abeyance pending our conference with Judge DiBianco.

Finally, as I believe your intended requests that you reference in the final paragraph of your letter are inappropriate, I propose that this matter also be discussed, prior to the issuance of any subpoena on the United States, with Judge DiBianco. This approach will prevent the necessity of further wasteful motion practice.

Sincerely,

Xu-Shen Zhou, a/k/a Jason Zhou.

Cc: Hon. Gustave J. DiBianco (via First-Class Mail)
United States Magistrate Judge
United States District Court for the
Northern District of New York
Federal Building and U.S. Courthouse
P.O. Box 7396
Syracuse, New York 13261-7396

Hon. Malcolm Muir (via First-Class Mail)
United States Senior District Judge
United States District Court for the
Middle District of Pennsylvania
U.S. Courthouse & Federal Office Building
240 West Third Street, Suite 218
Williamsport, PA 17701