UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------
XU-SHEN ZHOU, a/k/a JASON ZHOU,

               *Plaintiff*,

   -against-                                      Civil Action No. 6:08-cv-444
                                                        (GTS/ATB)

STATE UNIVERSITY OF NEW YORK INSTITUTE
OF TECHNOLOGY, DR. LISA BERARDINO, DR.
STEPHEN HAVLOVIC, and DR. WILLIAM
LANGDON,

               *Defendants*.
-------------------------------------------------------------------------

## PLAINTIFF'S REQUESTS TO CHARGE

Plaintiff Jason Zhou submits the following proposed jury instructions in accordance with this Court's Pre-Trial Order and Rule 51 of the Federal Rules of Civil Procedure. Plaintiff Zhou reserves the right to modify the proposed instructions as required by subsequent Court rulings or decisions because of evidence presented at trial.

Dated: April 29, 2013

                                                              Ross P. Andrews, Esq.
                                                              Bar Roll No.: 506874
                                                              SATTER & ANDREWS, LLP
                                                              Attorneys for Plaintiff
                                                              217 S. Salina Street
                                                              Syracuse, New York  13202
                                                              Tel.: (315) 471-0405
                                                              Fax.: (315) 471-7849
                                                              randrews@satterandrews.com

**Instruction No. 1:   Retaliation under Title VII and the Human Rights Law**

Title VII and New York Human Rights Law prohibit retaliation against an employee because of his/her opposition to what he believed to have been discrimination or harassment by his employer, or because the employed made a complaint of discrimination.  In order to prevail on this claim, Plaintiff must show all the following:

<u>First</u>: that Plaintiff engaged in a protected activity;

<u>Second</u>: that Plaintiff was subjected to an adverse employment action after the protected conduct took place; and

<u>Third</u>: that the adverse employment action against plaintiff took place because of the plaintiff's protected conduct.

There are two distinct ways for a plaintiff to prevail - either by proving that a retaliatory motive, more likely than not, motivated the defendants or by proving both that the reasons given by the defendants are not true and that retaliation is the real reason for the actions.  In other words, the Plaintiff need not disprove that the defendants' offered reason is not true.

**Authority:** *Richardson v. N.Y.S. Dept. Of Correctional Services*, 180 F.3d 426 (2d Cir. 1999), Feingold v. New York, 366 F.3d 138 (2d Cir. 2005); *Gordon v. New York City Board of Education*, 232 F.3d 111, 117-118 (2d Cir. 2000), cert denied 522 U.S. 818, 118 S.Ct. 69, 139 L.Ed. 2d 30 (1997).[1]

---

[1] It is worth noting that the Second Circuit has held that explaining the full McDonnell Douglas burden-shifting scheme to the jury in a charge is more likely to confuse rather than enlighten the members of the jury and undoubtedly constitutes error because of the manifest risk of confusion it creates.  *Sanders v. New York City Human Resources Admin.*, 361 F.3d 749, 758 (2d Cir. 2004).

**Instruction No. 2:     Retaliation - Protected Activity**

Protected activity is an employee's conduct in opposing a discriminatory practice, such as making a complaint of discrimination, even an internal complaint.  For protection from retaliation to attach, an employer either must have "understood" or "could reasonably have understood" that the plaintiff's complaints were directed at conduct prohibited by Title VII.  The Plaintiff need not establish that the conduct complained of actually amounted to unlawful discrimination or harassment, but only need demonstrate that she had a "'good faith' reasonable belief that the underlying challenged actions of the Defendant violated the law.

**Authority:**  *Galdieri-Ambrosini v. National Realty & Development Corp.*, 136 F.3d 276, 292 (2d Cir. 1998); *Gorzynski v. JetBlue Airways Corp.*, 596 F.3d 93 (2d.Cir. 2010).

**Instruction No. 3:**   Retaliation - Adverse Action

An adverse action includes employer actions that are materially adverse to a reasonable employee, that is, the action must be harmful to the point that it could well dissuade a reasonable employee from opposing or making or supporting a charge of discrimination. The non-renewal of plaintiff's employment constitutes an adverse action.

**Authority:**  42 U.S.C. § 2000e-2(a); *Kessler v. Westchester County Department of Social Services,* 461 F.3d 199, 206-07 (2d Cir. 2006).

**Instruction No. 4:**   **Retaliation - Cat's Paw**

It is important to note that the defendants can be liable for retaliation even if the ultimate decision maker did have knowledge of the retaliatory motive, if subordinates of the decision maker, motivated by an intent to retaliate, caused the adverse employment action.  Further, the actions of the subordinates need not be the sole cause for termination; rather, the supervisor's actions must be "causal factors" underlying the ultimate determination in order to be considered as proximate cause.  Thus, an independent investigation by a person with no improper motive cannot negate a finding of liability if the input of a person with unlawful motivation causes the adverse action.

**Authority:**  *Staub v. Proctor Hosp.*, 131 S.Ct. 1186, 1192, 1194, 179 L. Ed. 2d 144 (2011)[2];

*Papelino v. Albany College of Pharmacy of Union University*, 633 F.3d 81, 92 (2d Cir. 2011).

---

[2]Although *Staub* involved a different statute, the Court specifically noted that statute is "very similar to Title VII in that it merely must be established that the unlawful motivation was "a motivating factor for any employment practice, even though other factors also motivated the practice", citing 42 U.S.C. Secs. 2000e-2(a), (m)).  *See id.*, 131 S.Ct. at 1191, 179 L.Ed. 2d at 151.

**Instruction No. 5:** Retaliation - Causation

Thus, Plaintiff does not have to prove that retaliation was Defendant's only motive, but only that retaliation played a part in Defendant's actions. In deciding whether the Plaintiff's opposition to discrimination or complaint of discrimination was a motivating factor in the Defendant's treatment of Plaintiff, you may consider both direct evidence, such as statements made by a person, and indirect, or circumstantial, evidence from which you can infer a person's intent. You may consider any statement made or act done or omitted by a person whose intent is at issue, as well as all other facts and circumstances that indicate his or her state of mind. You may also infer that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted.

**Authority:** *See Gordon v. New York City Board of Education*, 232 F.3d 111, 117 (2d Cir. 2000), cert denied 522 U.S. 818, 118 S.Ct. 69, 139 L.Ed. 2d 30 (1997).

**Instruction No. 6:**   Retaliation - Determination

If you determine that Plaintiff has proven each of these elements of retaliation by a preponderance of the evidence, then you must find for the Plaintiff on his retaliation claim. If you find that the Plaintiff has failed to prove any of these elements by a preponderance of the evidence, then you must find for Defendants.

**Authority:** *See above.*

**Instruction No. 7:   Aider and Abettor Liability Under New York Law - General**

An individual can be liable for retaliation under the New York Human Rights Law as an "aider and abettor" if the individual participated in the conduct giving rise to the claim of retaliation. For an individual to be found liable as an aider and abettor, plaintiff must establish that the Employer is liable for retaliation as well.

**Authority:**  *Tomka v. Seiler Corp.*, 66 F.3d 1295, 1317 (2d Cir. 1995); *Falbaum v. Pomerantz*, 19 Fed. Appx. 10, *15 (2d Cir. 2001).

**Instruction No. 8:    Damages**

If you find that the Plaintiff has proven the elements of his retaliation claims, then you must proceed to consider the question of damages.  Plaintiff back pay from SUNYIT and back pay from the individual defendants.  Plaintiff additionally seeks compensatory damages from SUNYIT and the individual defendants including damages for emotional distress, humiliation, mental anguish, and damage to reputation and career.  Finally, plaintiff seeks reinstatement.

You may assess damages only against those parties that you have found liable.  If you find multiple parties liable, it is your job to assess liability as between them.

**Authority:**  42 USC §2000-e5(g); New York Human Rights Law §297(4)(c); 42 U.S.C. §1981a(b)(1).

**Instruction No. 9:   Back Pay Damages**

If you determine that any of the Defendants retaliated against the Plaintiff, then you must determine the amount of lost back pay that the Defendant(s) caused the Plaintiff.  You may award an amount that reasonably compensates the Plaintiff for any lost wages and benefits, taking into consideration any increases in salary and benefits, including pension, that the Plaintiff would have received had he not beenretaliated against.  You have the ability to make the Plaintiff whole for any wages or other benefits that he has lost as a result of the non-renewal of his employment.

**Authority:** *Clarke v. Frank*, 960 F.2d 1146, 1151 (2d Cir. 1992); *Bergerson v. New York State Office of Mental Health*, 652 F.3d 277, 287 (2d Cir. 2011).

**Instruction No. 10:   Compensatory Damages I**

Plaintiff has alleged that, as a result of the Defendants' retaliation he has suffered emotional harm, humiliation, loss of reputation, and damage to his career. These damages are referred to as compensatory damages.

If you find that any Defendant is liable to Plaintiff, Plaintiff is entitled to recover damages in an amount that will reasonably compensate him for any losses caused by Defendants' wrongful conduct with respect to each of these claims.

The Plaintiff has the burden of proving by a preponderance of the evidence, that he has suffered damages as a proximate result of the Defendants' unlawful conduct. You may award Plaintiff reasonable compensation for the following:

1. Pain, suffering, mental anguish, and emotional distress;

2. Embarrassment and humiliation;

3. Damage to reputation and career;

4. Other non-economic losses.

Plaintiff is not required to prove his emotional distress or other parts of compensatory damages through expert medical testimony as long as he presents evidence that proves that he actually suffered emotional distress as a result of Defendants' unlawful conduct.

**Authority:** *Memphis Cmt. Sch. Dist. v. Stachura*, 477 U.S. 299, 307 (1986); *United States v. City of New York*, 2012 U.S. Dist. LEXIS 133283, *19, *25-23, *30-33 (E.D.N.Y. 2012); *Sanders v. Madison Sq. Garden, L.P.*, 2007 U.S. Dist. LEXIS 22042 *38 (S.D.N.Y. 2007), *reargument granted on unrelated issue*, 2007 U.S. Dist. LEXIS 65309 (S.D.N.Y. 2007).

**Instruction No. 11: Compensatory Damages II**

If you determine that Plaintiff has proven by a preponderance of the evidence that he has any compensatory losses, you may award him damages for those injuries. No evidence of the monetary value of such intangible things needs to be introduced into evidence. No exact standard exists for fixing compensation to be awarded for these elements of damages. The damages that you award must be fair compensation for Plaintiff's compensatory losses.

When considering the amount of monetary damages to which the Plaintiff may be entitled, you should consider the nature, character, and seriousness of any pain and suffering, mental anguish, humiliation, and damage to reputation and career. You must also consider its extent or duration, as any award you make must cover the damages endured by the Plaintiff since the wrongdoing to the present time, and even into the future if you find that the proof presented justifies the conclusion that the Plaintiff's compensatory damages can reasonably be expected to continue into the future.

Emotional harm may manifest itself, for example, as sleeplessness, anxiety, stress, depression, embarrassment, humiliation, loss of respect, loss of self-esteem, or excessive fatigue. Compensatory damages are often intangible, and it may be difficult to arrive at a precise evaluation of actual damages for any emotional harm from unlawful retaliation. No opinion of any witness is required as to the amount of such reasonable compensation. Nonetheless, it is necessary to arrive at a reasonable award that is supported by the evidence, and it is your job to determine the amount of liability for the compensatory damages of each Defendant found liable.

**Authority:** *Memphis Cmt. Sch. Dist. v. Stachura*, 477 U.S. 299, 307 (1986); *Marchisotto v. City of New* York, 2007 U.s. Dist. LEXIS 27046, *32 (S.D.N.Y. 2007), *aff'd* 299 Fed. Appx. 79 (2d

Cir. 2008); United *States v. City of New York*, 2012 U.S. Dist. LEXIS 133283, *19, *25-23, *30-33 (E.D.N.Y. 2012); *Dotson v. City of Syracuse*, 2011 U.S. Dist. LEXIS 20374, *43-47 (N.D.N.Y. 2011); *Sanders v. Madison Sq. Garden, L.P.*, 2007 U.S. Dist. LEXIS 22042 *38 (S.D.N.Y. 2007), *reargument granted on unrelated issue*, 2007 U.S. Dist. LEXIS 65309 (S.D.N.Y. 2007).

**Instruction No. 12:   Mitigation of Damages**

In determining the amount of damages, if any, that Plaintiff is entitled to recover, the law provides that the Plaintiff must make a reasonable effort to minimize or reduce his damages for loss of compensation by seeking employment. This is called mitigation of damages. Generally, an employer seeking to avoid a lost wages award bears the burden of demonstrating that a plaintiff has failed to satisfy the duty to mitigate. This may be done by establishing (1) that suitable work existed, and (2) that the employee did not make reasonable efforts to obtain it. In determining whether the Plaintiff's failure to seek out or take advantage of a business or employment opportunity was reasonable, you should be aware that the Plaintiff is only required to accept employment that is "of a like nature." In determining whether employment is "of a like nature," you may consider: (1) the type of work; (2) the hours worked; (3) the compensation; (4) the job security; (5) the working conditions, and; (6) the other conditions of employment. If you determine that the Plaintiff is entitled to back pay or front pay damages, you must reduce these damages by the amount that the Plaintiff actually earned following his last day of active duty for Defendant SUNY IT.

**Authority:** *Ford Motor Co. v. EEOC*, 458 U.S. 219, 237 (1982); *Hawkins v. 1115 Legal Svc. Care*, 163 F.3d 684, 695 (2d Cir. 1998); *Reilly v. Cisneros*, 835 F. Supp. 96, 99 (W.D.N.Y. 1993); *Ferguson v. Lander Co.*, 2008 U.S. Dist. LEXIS 26738, *70-71 (N.D.N.Y. 2008); *Chisolm v. Liberty Lines Transit, Inc.*, 2013 U.S Dist. LEXIS 16254, *17-18 (S.D.N.Y. 2013); *Gleason v. Callanan Indus. Inc.*, 203 A.D.2d 750, 753 (3d Dept. 1994).

**Instruction No. 13:   After-Acquired Evidence**[3]

If you find liability on the part of one or more Defendants, and the the Defendant proves, by a preponderance of the evidence, that it learned about wrongdoing by the Plaintiff which would have led to a legitimate discharge, the Plaintiff's damages must be limited to a calculation of back pay from the date of the unlawful discharge to the date the new information was discovered.

Where, as here, the Defendant seeks to rely upon after-acquired evidence of wrongdoing, it must first establish that the wrongdoing was of such severity that the Plaintiff, in fact, would have been terminated on those grounds alone if the Defendant had known of it at the time of the discharge.

**Authority:**  *McKennon v. Nashville Banner Publ'g Co.*, 513 U.S. 352, 361-63 (1995).

---

[3]As per plaintiff's motion in limine, plaintiff requests that the trial be bifurcated should the Court seriously consider allowing the admission of any after-acquired evidence.

## CERTIFICATE OF SERVICE

I hereby certify that on April 29, 2013, I electronically filed the foregoing Requests to Charge with the Clerk of the District Court using its CM/ECF system, which then electronically notified all those registered as CM/ECF participants in this case.

s/Ross P. Andrews
Ross P. Andrews, Esq.
Bar Roll No.: 506874
SATTER & ANDREWS, LLP
Attorneys for Plaintiff
217 S. Salina Street
Syracuse, New York  13202
Tel.:  (315) 471-0405
Fax.:  (315) 471-7849
randrews@satterandrews.com

TO: Douglas J. Goglia, AAG (via ecf)
Office of the Attorney General
The Capitol
Albany, NY 12224