UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

XU-SHEN ZHOU, *also known as* Jason Zhou,

                Plaintiff,

     -v.-                                                                                      6:08-cv-0444
                                                                                                              (GTS/ATB)

STATE UNIVERSITY OF NEW YORK INSTITUTE OF
TECHNOLOGY; DR. LISA BERARDINO; DR STEPHEN
HAVLOVIC; and DR. WILLIAM LANGDON,

                Defendants.

---

APPEARANCES:                                                             OF COUNSEL:

SATTER & ANDREWS, LLP                         ROSS P. ANDREWS, ESQ.
 Counsel for Plaintiff                                          SARAH E. RUHEN, ESQ.
217 South Salina Street, 6th Floor
Syracuse, NY 13202


HON. ERIC T. SCHNEIDERMAN                 DOUGLAS J. GOGLIA, ESQ.
Attorney General for the State of New York
 Counsel for Defendants
The Capitol
Albany, NY 12224-0341


HON. GLENN T. SUDDABY, United States District Judge


### DECISION and ORDER

      Currently before the Court is a motion by Plaintiff for attorney's fees and costs pursuant to 42 U.S.C. §§ 1988 and 2000e-5(k). (*See* Dkt. Nos. 101, 104.)  Defendants oppose the motion, in part.  For the following reasons, Plaintiff's motion for attorney's fees is granted in part and denied in part.

## I. RELEVANT BACKGROUND

Familiarity with the factual and procedural history of this action is presumed, and will not be recited in this Decision and Order, which is intended primarily for the review of the parties. *See Zhou v. State Univ. of New York Inst. of Tech.*, 4 F. Supp. 3d 404 (N.D.N.Y. 2014); *Zhou v. State Univ. of New York Inst. of Tech.*, No. 08-CV-0444, 2011 WL 4344025 (N.D.N.Y. Sept. 14, 2011) aff'd in part and vacated in part, 499 F. App'x 105 (2d Cir. 2012). Rather, the Court will only briefly summarize the relevant procedural background leading up to the current motion.

Plaintiff commenced this action as a *pro se* litigant on April 23, 2008 after having received a right-to-sue letter from the Equal Employment Opportunity Commission ("EEOC"). Plaintiff was represented by attorney, Samuel F. Prato, in the proceedings before the EEOC. Beginning in September 2007, Plaintiff was "informally" represented by attorney, Ross P. Andrews until Mr. Andrews filed an appearance in this action on May 27, 2010. (Dkt. No. 153-1 at 1 [Pl.'s Mem. of Law].) Two associate attorneys who worked at Mr. Andrews' firm, Matthew E. Bergeron and Sarah Ruhlen, also provided legal services to Plaintiff.

### A. Plaintiff's Motion

Generally, in support of his motion for attorney's fees, Plaintiff argues that he is entitled to $121,237 in attorney's fees and $8,386.14 in costs associated with the litigation and appeal of this matter because (1) he is the prevailing party and (2) the requested fees and costs are reasonable. (*See generally* Dkt. No. 153-1 at 1-11 [Pl.'s Mem. of Law].) Generally, in response to the current motion, Defendants do not object to attorney's fees being awarded to Plaintiff, but argue that Plaintiff is not entitled to attorney's fees for the time period he litigated this action *pro*

*se*, including the preparation of his motion to quash Defendants' subpoena to Bloomsberg University. (*See generally* Dkt. No. 159 [Defs.' Letter Response].)

## II. GOVERNING LAW

### A. Attorney's Fees

Under both Section 1988 and Title VII, the court may, in its discretion, award attorney's fees and costs to the prevailing party. *See* 42 U.S.C. § 1988 ("[i]n any action or proceeding to enforce a provision of [42 U.S.C. §1983] . . . , the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs"); 42 U.S.C. § 2000e-5(k) ("the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee (including expert fees) as part of the costs"). "A plaintiff prevails when []he succeeds on any significant issue in litigation which achieves some of the benefit the party sought in bringing suit." *Bridges v. Eastman Kodak Co.*, 102 F.3d 56, 58 (2d Cir. 1996).

In addition to being a prevailing party, the party seeking attorneys' fees must prove that his requested fee is "reasonable." *See Pino v. Locascio*, 101 F.3d 235, 237 (2d Cir. 1996); *see also Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). In determining whether the moving party has satisfied its burden, the court must calculate a "presumptively reasonable fee." *See Bergerson v. N.Y. State Office of Mental Health, Cent. N.Y. Psych. Ctr.*, 652 F.3d 277, 289 (2d Cir. 2011).

Traditionally, courts have determined a "reasonable attorney's fee" by calculating the lodestar – the product of the number of hours required by the matter and a reasonable hourly rate. *See Millea v. Metro-North R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011) (citing *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 130 S. Ct. 1662, 1673 (2010); *Arbor Hill Concerned*

3

*Citizens Neighborhood Assoc. v. Cnty. of Albany*, 522 F.3d 182, 183 (2d Cir.2008)). A reasonable hourly rate is "what a reasonable, paying client would be willing to pay, given that such a party wishes to spend the minimum necessary to litigate the case effectively." *Bergerson*, 652 F.3d at 289-290 (citations and quotations omitted).[1] The court must refer to "the prevailing [market rates] in the [relevant] community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *See Farbotko v. Clinton Cnty. of New York*, 433 F.3d 204, 208 (2d Cir. 2005) (quoting *Blum v. Stenson,* 465 U.S. 886, 895, n.11, 104 S. Ct. 1541 (1984)). A determination of the reasonable hourly rate "contemplates a case-specific inquiry into the prevailing market rates for counsel of similar experience and skill to the fee applicant's counsel[, which] may, of course, include judicial notice of the rates awarded in prior cases and the court's own familiarity with the rates prevailing in the district." *Farbotko*, 433 F.3d at 209. The Second Circuit recently indicated that a trial court did not abuse its discretion when it found that "[t]he prevailing hourly rates in [the Northern District of New York] . . . are $210 per hour

---

[1] In determining what is reasonable, the following factors are useful:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany and Albany Cnty. Bd. of Elections*, 522 F.3d 182, 186 n.3 (2d Cir. 2008) (citing *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)).

for an experienced attorney, $150 per hour for an attorney with more than four years of experience, $120 per hour for an attorney with less than four years experience, and $80 per hour for paralegals." *Lore v. City of Syracuse*, 670 F.3d 127, 175 (2d Cir. 2012).

The reasonable amount of time spent on a matter is dependent in part on the degree of difficulty of the factual and legal issues involved. *See Hofler v. Family of Woodstock, Inc.*, No. 07-CV-1055, 2012 WL 527668, at *5 (N.D.N.Y. Feb. 17, 2012). Courts may reduce from the lodestar calculation hours that are "excessive, redundant, or otherwise unnecessary" and consequently are not reasonable. *See id.* (citing *Hensley*, 461 U.S. at 434, 103 S. Ct. at 1939-40. In considering the number of reasonably expended hours, the court "has discretion simply to deduct a reasonable percentage of the number of hours claimed as a practical means of trimming fat from a fee application." *See Hensley*, 461 U.S. at 434; *see also Kirsch v. Fleet St., Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998) (quoting *New York Ass'n for Retarded Children v. Carey*, 711 F.2d 1136, 1146 (2d Cir. 1983)). The court should also consider "whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures." *Grant v. Martinez*, 973 F.2d 96, 99 (2d Cir. 1992) (citation omitted).

Finally, it is important to note that the fee applicant bears the burden of documenting the hours reasonably expended and the reasonable hourly rates. *See Hensley*, 461 U.S. at 437, 103 S. Ct. at 1941. To demonstrate that a fee request is reasonable, "a party seeking an attorney's fees award 'must support that request with contemporaneous time records that show, for each attorney, the date, the hours expended, and the nature of the work done.'" *Kingvision Pay-Per-View, Ltd. v. Castillo Rest. Corp.*, 06-CV-0617, 2007 WL 841804, at *6 (E.D.N.Y. Jan. 16 2007) (quoting *Cablevision Sys. New York City Corp. v. Diaz*, 01-CV-4340, 2002 WL 31045855, at *5 (S.D.N.Y. July 10, 2002)).

III.     ANALYSIS

   A.     **Whether Plaintiff Is a "Prevailing Party" in This Case**

After carefully considering the matter, the Court answers this question in the affirmative. Here, there is no dispute that Plaintiff is a "prevailing party" under Section 1988 and Title VII. After five years of litigation, Plaintiff received a jury verdict awarding him $600,000 in back pay and nominal damages. Moreover, Defendants do not dispute that Plaintiff is entitled to attorney's fees. For these reasons, Plaintiff is a prevailing party and therefore, has met the threshold requirement to obtain an award of attorney's fees.

   B.     **Whether the Fees Requested Are Reasonable**

        1.     **Whether the Hourly Rates Requested Are Reasonable**

After carefully considering the matter, the Court answers this question in the affirmative. Based upon the evidence submitted by Plaintiff and a review of the *Arbor Hill* and *Johnson* factors, the Court finds that the following hourly rates are warranted in this case: $225 per hour for Attorney Andrews, $200 per hour for Attorney Bergeron, $125 per hour for Attorney Ruhlen and $117.65 per hour for Attorney Prato.

   Notably, the Second Circuit explicitly stated that "recent surveys in the Northern District have indicated that, for a civil rights matter, [attorney's fee rates] are higher than $210 [per hour and $150 per hour for less experienced attorneys]." *Lore*, 670 F.3d at 175. Indeed, as far back as 2009, courts in this District have awarded fees to victorious civil rights attorneys at rates far in excess of $210 and $150 per hour. *See Price v. New York State Bd. of Elections*, 06-CV-1083, 2009 WL 4730698, at *3 (N.D.N.Y. Dec. 4, 2009) (collecting cases from between 2006 and 2009). Here, the Court acknowledges the specialized experience of Plaintiff's attorneys in handling employment discrimination matters as well as their respective years of practice.

Finally, the Court finds that the hourly rate for travel time was appropriately billed for one-half of the attorney's hourly rate. *See Dotson v. City of Syracuse*, No. 04-CV-1388, 2011 WL 817499, at *27 (N.D.N.Y. Mar. 2, 2011); *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany and Albany Cnty. Bd. of Elections*, 419 F. Supp.2d 206, 211 (N.D.N.Y. 2005) (stating that courts traditionally award only one-half of hourly rates for time spent traveling).

### 2. Whether the Number of Hours Requested Is Reasonable

Having determined the reasonable hourly rates, the court next addresses the issue of whether the number of hours expended was reasonable.

The Court finds that Plaintiff's counsels' hours are generally supported by contemporaneous time records that show, for each attorney, the date, the hours expended, and the nature of the work done. (Dkt. No. 153-7.) Nonetheless, the Court finds that it is appropriate to reduce the total hours billed for the following reasons.

First, Plaintiff is not entitled to an award of attorney's fees for services rendered by Mr. Andrews' firm while Plaintiff litigated this action *pro se*. *See Hawkins v. 1115 Legal Service Care*, 163 F.3d 684, 694-95 (2d Cir. 1998). Consequently, the Court will not consider the Plaintiff's request for fees prior to May 27, 2010, when Mr. Andrews filed a Notice of Appearance. (*See* Dkt. No. 66.) However, Plaintiff is entitled to recover attorney's fees rendered to Mr. Prato, who appeared on Plaintiff's behalf before the EEOC. *See Tucker v. City of New York*, 704 F. Supp. 2d 347, 358, n.9 (S.D.N.Y. 2010) (citing *New York Gaslight Club, Inc. v. Carey*, 447 U.S. 54, 65-66, 100 S. Ct. 2024 (1980) ("[t]o the extent that administrative proceedings are a prerequisite for assertion of a claim in court, the time spent in such proceedings may be compensable")).

Second, the Court will reduce the remaining hours billed by Mr. Andrews firm by ten percent primarily to reflect that the majority of billing entries are in block format, frustrating this Court's ability to discern whether the amount of time billed is reasonable. *See Barbour v. Colvin*, 993 F. Supp. 2d 284, 291 (E.D.N.Y. 2014) (reducing a fee award where time records "lump items of work together, frustrating meaningful review of what portion of the time was spent on what task and whether such expenditure is reasonable.") (citing *Skold v. Am. Int'l Group, Inc.*, No. 96-CV-7137, 1999 WL 672546, at *2 (S.D.N.Y. Aug. 25, 1999) (reducing fees by ten percent where attorneys submitted several time entries consisting of multiple tasks, as court was unable to assess the reasonableness of the time spent on each task)); *Sea Spray Holdings, Ltd. v. Pali Financial Group, Inc.*, 277 F. Supp. 29 323, 325-326 (S.D.N.Y. 2003) (reducing overall fee award by fifteen percent where "substantial amount of block billing in the fee requests renders it difficult to determine whether, and/or the extent to which, the work done by [plaintiff's] attorneys is duplicative or unnecessary"); *Wilder v. Bernstein*, 975 F. Supp. 276, 286 (S.D.N.Y.1997) (attorneys should not "lump several services or tasks into one time sheet entry because it is then difficult ... for a court to determine the reasonableness of the time spent on each of the individual services or tasks provided ....") (internal quotations and citations omitted)). In further support of the ten percent reduction in hours, the Court notes that (1) several billing entries are redacted based on attorney-client privilege, leaving the Court unable to discern whether the time spent is reasonable,[2] (2) one entry by Mr. Bergeron for a thirty-six minute telephone conversation with this Court's Clerk's Office to "finalize and file" a one-page Notice of Appeal is clearly excessive, and (3) one entry for thirty minutes of Mr. Andrews time

---

[2] *See Skanga Energy & Marine Ltd. v. Arevenca S.A.*, No. 11-CV-4296, 2014 WL 2624762, at *7 (S.D.N.Y. May 19, 2014).

to "review and copy movies" is vague at best, if not irrelevant.[3]

For each of these reasons, the Court finds that it was reasonable for Plaintiff's counsel to bill a total of 489.055 hours for work performed by Attorneys Andrews, Bergeron, Ruhlen and Prato. As a result, Plaintiff is entitled to $102,720.25 in attorney's fees calculated as follows:

| Attorney | Hourly Rate Requested | Hourly Rate Awarded | No. of Hours Requested[4] | No. of Hours Awarded | Amount Awarded |
| --- | --- | --- | --- | --- | --- |
| Ross P. Andrews | $225 | $225 | 455.70 | 410.13 | $92,279.25 |
| Matthew Bergeron | $200 | $200 | 9.45 | 8.505 | $1,701.00 |
| Sarah Ruhlen | $125 | $125 | 68.8 | 61.92 | $7,740.00 |
| Samuel F. Prato | $117.65 | $117.65 | 8.5 | 8.5 | $1000 |

C. **Whether the Costs and Expenses Requested Are Reasonable**

After carefully considering the matter, the Court answers this question in the affirmative, in part. The Court would add only three points. First, it appears that the costs and expenses submitted by Plaintiff are those often awarded by district courts in this Circuit. *See, e.g., Hop Hing Produces Inc. v. X & L Supermarket, Inc.*, No. 12-CV-1401, 2013 WL 1232919, at *8 (E.D.N.Y. Mar. 4, 2013) (citing *LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748, 763 (2d Cir.1998) (noting that reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients are recoverable as costs); *Dingle v. City of New York*, No. 10-CV-4, 2012 WL 1339490, at *8 (S.D.N.Y. Apr. 17, 2012). Second, in their response to Plaintiff's motion,

---

[3] *See Dotson v. City of Syracuse*, No. 04-CV-1388, 2011 WL 817499, at *27 (N.D.N.Y. Mar. 2, 2011) (quoting *Olsen v. Cnty. of Nassau*, 05-CV-3623, 2010 WL 376642, at *5 (E.D.N.Y. Jan. 26, 2010) (noting that, in lieu of making adjustments for each "excessive, redundant or otherwise unnecessary" entry, the court may instead apply "an across-the-board percentage cuts in the number of hours claimed")).

[4] For attorneys Andrews, Bergeron and Ruhlen, this number reflects hours requested beginning May 27, 2010.

Defendants do not address Plaintiff's request for costs. (*See* Dkt. No. 159.) Third, as with attorney's fees, Plaintiff is not entitled to an award of costs accrued during the time that he was litigating this action *pro se*. *See Newman and Cahn, LLP v. Sharp*, 388 F. Supp. 2d 115, 119 (E.D.N.Y. 2005). Accordingly, having reviewed Plaintiff's uncontested request for $8,386.14 in costs and finding those costs accrued after May 27, 2010 recoverable under the law, the Court awards Plaintiff $5,473.46 in costs.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's motion for attorney's fees and costs (Dkt. No. 153) is **GRANTED** in part and **DENIED** in part; and it is further

**ORDERED** that Plaintiff is awarded $102,720.25 in attorney's fees; and it is further

**ORDERED** that Plaintiff is awarded $5,473.46 in costs.

Dated: December 23, 2014
Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge