UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
────────────────────────────────────────

XU-SHEN ZHOU, a/k/a JASON ZHOU,

                       Plaintiff,               6:08-CV-0444
                                                     (GTS/ATB)
v.

S.U.N.Y. POLYTECH. INST.; DR. LISA
BERARDINO; DR. STEPHEN HAVLOVIC;
and DR. WILLIAM LANGDON,

                       Defendants.
────────────────────────────────────────

APPEARANCES:                                     OF COUNSEL:

XU-SHEN ZHOU
 Plaintiff, *Pro Se*
1931 Butterfield Avenue
Utica, New York 13501

SATTER LAW FIRM, PLLC                   MIMI C. SATTER, ESQ.
 Former Counsel for Plaintiff
217 South Salina Street, 6th Floor
Syracuse, New York 13202

HON. ERIC. T. SCHNEIDERMAN          JOHN F. MOORE, ESQ.
Attorney General for the State of New York
 Counsel for Defendants
The Capitol
Albany, New York 12224

HON. GLENN T. SUDDABY, Chief United States District Judge

## **<u>DECISION and ORDER</u>**

      Currently before the Court, in this *pro se* employment discrimination action, is Plaintiff's motion to compel his former counsel, Ms. Mimi C. Satter, Esq., to release to him the file in this case and return to him the $10,250 that he has paid her. (Dkt. No. 213.) For the reasons set forth below, Plaintiff's motion is granted in part and denied in part.

I.      **RELEVANT BACKGROUND**

   A.      **Relevant Procedural History**

Because both Plaintiff and Ms. Satter have demonstrated, in their memoranda of law, an accurate understanding of this action's relevant procedural history, the Court will not recite that procedural history in this Decision and Order, which is intended primarily for the review of the parties (and Ms. Satter).

   B.      **Parties' Arguments on Plaintiff's Motion**

      1.      **Plaintiff's Memorandum of Law**

Generally, in his motion, Plaintiff asserts two arguments. (Dkt. No. 213.) First, Plaintiff argues that, under the Second Circuit's decision in *Pomerantz v. Schandler*, 704 F.2d 681 (2d Cir. 1983), he has a right to the release of his file because he has made a clear showing of (a) the need for the file, (b) the prejudice that would result from denying him access to it, and (c) his inability to pay the legal fees or post a reasonable bond. (*Id*. at 5 [attaching page "1" of Plf.'s Memo. of Law].) More specifically, Plaintiff argues that he has made a clear showing of the need for the file because "my new counsel, who is not familiar with the case, needs the file to prepare the re-trial." (*Id*.) Furthermore, Plaintiff argues that he has made a clear showing of the prejudice that would result from denying him access to the file because "prejudice would result from denying my attorney's access to the file. For example, defendants would present documents showing low teaching ratings, but my counsel does not have the access to the documents showing high teaching ratings and would not be able to present them to the jury." (*Id*. at 5-6 [attaching pages "1" and "2" of Plf.'s Memo. of Law].) In contrast, Plaintiff argues, no prejudice would inure to Ms. Satter, because "[she] can bring an action for her fees after the

2

release of the file."  (*Id*. at 6 [attaching page "2" of Plf.'s Memo. of Law].)  Finally, Plaintiff argues that he has made a clear showing of his inability to pay the legal fees or post a reasonable bond "I have not had a job and income for more than eight years," and "[my] allegations of indigency" are "uncontroverted."  (*Id*. [internal quotation marks omitted].)

Second, Plaintiff argues that, with regard to the third above-listed requirement (i.e., a clear showing of his inability to pay the legal fees or post a reasonable bond), Ms. Satter has no right to even demand payment of the legal fees, for three reasons: (a) he was not given written notice of his right to retain other counsel before Ms. Satter's firm continued to represent him in December of 2014; (b) he was not given written notice of the right to arbitration of a fee dispute; and (c) courts have held that, if the discharge is with cause, the attorney has no right to compensation or to a retaining lien, and here, the discharge was for cause (in that involved a significant breach of a legal duty).

### 2. Ms. Satter's Opposition Memorandum of Law

Generally, in response to Plaintiff's motion, Ms. Satter asserts six arguments.  (Dkt. No. 216.)  First, Ms. Satter argues that Plaintiff has no legally enforceable right to the file, given that (a) he owes more than $8,000 in fees, and (b) all of the documents demanded by Plaintiff are available through the federal judiciary's Public Access to Court Electronic Records ("PACER") service.  (*Id*. at 8 [attaching page "6" of Satter's Opp'n Memo. of Law].)

Second, Ms. Satter argues that Plaintiff is not entitled to attorney work papers or drafts, given that (a) *Pomerantz* required a client to demonstrate that "serious prejudice" would result from denying him access to attorney work product in the file (causing the client to experience an "urgent need"), and (b) here, no such serious prejudice or urgent need exists.  (*Id*. at 9-10 [attaching pages "7" and "8" of Satter's Opp'n Memo. of Law].)

Third, Ms. Satter argues that, contrary to Plaintiff's assertion, in 2008 he was given written notice of his right to retain other counsel, and indeed in 2015 was invited to sign a stipulation discharging Ms. Satter as his attorney. (*Id*. at 10 [attaching page "8" of Satter's Opp'n Memo. of Law].)

Fourth, Ms. Satter argues that, contrary to Plaintiff's assertion, in 2008 he was given written notice of the right to arbitrate any fee dispute. (*Id*. at 11 [attaching page "9" of Satter's Opp'n Memo. of Law].)

Fifth, Ms. Satter argues that Plaintiff states no grounds for the return of $10,250 in earned fees paid to her firm. (*Id*. at 11-12 [attaching page "9" and "10" of Satter's Opp'n Memo. of Law].)

Sixth, Ms. Satter argues that, in any event, under the circumstances, she consents to the following relief: (a) to the extent Ms. Satter's firm possesses duplicate copies of documents, or any documents in digital format, the firm shall promptly provide those duplicate copies or digital documents to Plaintiff; (b) if Plaintiff has counsel, that individual is free to go to Ms. Satter's firm, review all files, and have them copied (subject to a first lien against any proceeds, either through settlement or further litigation against Defendants); (c) if Plaintiff does not have counsel, he must identify all case documents in his possession (the copies of which Ms. Satter shall have no obligation to reproduce); (d) Ms. Satter's firm shall provide to Plaintiff copies of any documents that are not in his possession and that have an arguable relevance to a new trial (again, retaining a first lien against any proceeds, either through settlement or further litigation against Defendants); (e) if Plaintiff does not obtain a favorable result from this litigation, whether from settlement or a new trial, Ms. Satter's firm shall not be reimbursed for copying

4

charges, nor will it have the aforementioned lien; and (f) not included in the aforementioned provisions is attorney work product, which Ms. Satter's firm has no obligation to provide to Plaintiff. (*Id*. at 8 [attaching page "6" of Satter's Opp'n Memo. of Law].)

## II. GOVERNING LEGAL STANDARD

Because both Plaintiff and Ms. Satter have demonstrated, in their memoranda of law, an accurate understanding of the legal standard governing Plaintiff's motion, the Court will not recite that legal standard in this Decision and Order, which (again) is intended primarily for the review of the parties (and Ms. Satter).

## III. ANALYSIS

After carefully considering the matter, the Court finds, for each of the numerous reasons stated by Ms. Satter in her opposition memorandum of law, that Plaintiff has not shown cause for the relief he requests, except for the relief consented to by Ms. Satter. *See, supra,* Part I.B. of this Decision and Order. To those reasons, the Court would add only that conspicuously missing from Plaintiff's motion is any affidavit testimony (from either Plaintiff or his "new counsel") that (a) his new counsel is not sufficiently familiar with the case, (b) his new counsel needs the file to prepare for trial, and/or (c) his new counsel does not have the access to "the documents showing high teaching ratings." (*See generally* Dkt. No. 213.)

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's motion to compel his former counsel, Ms. Mimi C. Satter, Esq., to release to him the file in this case and return to him the $10,250 that he has paid her (Dkt. No. 213) is **DENIED except** for the following relief, which is **GRANTED**:

(a) to the extent Ms. Satter's firm possesses duplicate copies of documents in the case file at issue, or any documents in digital format in that file, the firm shall promptly provide those duplicate copies or digital documents to Plaintiff;

(b) if Plaintiff has counsel, that individual is permitted to go to Ms. Satter's firm, review all files, and have them copied (subject to a first lien against any proceeds, either through settlement or further litigation against Defendants);

(c) if Plaintiff does not have counsel, he must identify all case documents in his possession (the copies of which Ms. Satter shall have no obligation to reproduce);

(d) Ms. Satter's firm shall provide to Plaintiff copies of any documents that are not in his possession and that have an arguable relevance to a new trial (again, retaining a first lien against any proceeds, either through settlement or further litigation against Defendants);

(e) if Plaintiff does not obtain a favorable result from this litigation, whether from settlement or a new trial, Ms. Satter's firm shall not be reimbursed for copying charges, nor will it have the aforementioned lien; and

(f) not included in the aforementioned provisions is attorney work product, which Ms. Satter's firm has no obligation to provide to Plaintiff.

Dated: March 2, 2016
Syracuse, New York

_____
Hon. Glenn T. Suddaby
Chief U.S. District Judge