UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

XU-SHEN ZHOU, a/k/a JASON ZHOU,

       Plaintiff,      6:08-CV-0444
                (GTS/ATB)
v.

S.U.N.Y. POLYTECH. INST.; DR. LISA
BERARDINO; DR. STEPHEN HAVLOVIC;
and DR. WILLIAM LANGDON,

       Defendants.
_____

APPEARANCES:           OF COUNSEL:

XU-SHEN ZHOU
 Plaintiff, *Pro Se*
1931 Butterfield Avenue
Utica, New York 13501

HON. ERIC. T. SCHNEIDERMAN      JOHN F. MOORE, ESQ.
Attorney General for the State of New York   Assistant Attorney General
 Counsel for Defendants
The Capitol
Albany, New York 12224

HON. GLENN T. SUDDABY, Chief United States District Judge

## **DECISION and ORDER**

   Currently before the Court, in this employment discrimination action filed by Xu-Shen Zhou ("Plaintiff") against the State University of New York Institute of Technology ("SUNY IT"), Dr. Lisa Berardino ("Berardino"), Dr. Stephen Havlovic ("Havlovic") and Dr. William Langdon ("Langdon"), (collectively, "Defendants"), is Plaintiff's motion for a new trial pursuant to Fed. R. Civ. P. 59. (Dkt. No. 263.) For the reasons set forth below, Plaintiff's motion is denied.

I.     RELEVANT BACKGROUND

   A.     Relevant Procedural History

Because the parties have, in their memoranda of law, demonstrated an accurate understanding of this action's relevant procedural history, including the trial that occurred in this action between October 4, 2016, and October 7, 2016, the Court will not recite that history in this Decision and Order, which is intended primarily for the review of the parties. Rather, the Court will proceed directly to a description of the parties' briefing on Plaintiff's post-trial motion.

   B.     Parties' Briefing on Plaintiff's Motion

      1.     Plaintiff's Memorandum of Law

Generally, liberally construed, Plaintiff's motion for a new trial asserts the following five arguments: (1) Plaintiff was severely prejudiced by the fact that his trial counsel was forced to try this case without his complete litigation file, which was being held by Plaintiff's former counsel; (2) Defendants failed to disclose material evidence, including (a) two petition forms signed by students Jeffrey Trapp and Ray Pfeiffer, and (b) the on-line ratings for an accounting course taught by Plaintiff in the fall of 2005; (3) Defendants did not disclose the identity of three witnesses until shortly before the time of trial, which prevented Plaintiff from conducting relevant discovery that would have allowed him to impeach or rebut their testimony; (4) Defense counsel inappropriately influenced the jury during his summation when he stated that, "in order to rule for Plaintiff, you have to believe [that] all nine [defense] witnesses lied"; and (5) Plaintiff established during trial that Defendants' reasons for not renewing his employment contract were

pretextual. (Dkt. No. 263, Attach. 5, at 3-13 [Pl.'s Mem. of Law].)[1]

### 2. Defendants' Opposition Memorandum of Law

Generally, in opposition to Plaintiff's motion, Defendants assert the following eight arguments: (1) Plaintiff failed to raise any issues regarding witness disclosure or Defendants' alleged failure to disclose "material" evidence before the time of trial; (2) in any event, Plaintiff's argument that he allegedly "tried the case without most of Defendants' disclosures" is disingenuous because, when initial document disclosures were produced, Plaintiff was proceeding *pro se* and therefore received the very documents he now contends were not provided to him by his former attorney; (3) moreover, the Court, by Order dated March 2, 2016, mandated that Plaintiff's former counsel allow Plaintiff and his trial counsel access to, review of, and the ability to make copies of any portion of Plaintiff's file; (4) Plaintiff possessed the two petition forms signed by Mr. Trapp and Mr. Pfeiffer before trial and Defendants did not possess or withhold unredacted copies; (5) the Fall 2005 on-line ratings for Plaintiff's accounting class were provided to him as part of Dr. Smith-Gaffney's full employment file and Plaintiff acknowledged receipt of these documents in a letter to the Court dated April 13, 2010; (6) Plaintiff identified Mr. Pfeiffer, Mr. Yeh, and Mr. Orilio as witnesses in his Fed. R. Civ. P. 26 disclosures and therefore he was fully aware of their identities, the scope of their knowledge, and their status as potential witnesses; (7) Plaintiff inaccurately quotes portions of defense counsel's summation, which was not improper, does not justify a new trial, and did not prompt an objection; and (8) Plaintiff failed to establish pretext during the trial and has not carried his

---

[1] Page citations refer to the page numbers used on CM/ECF rather than the actual page numbers contained in the parties' respective motion papers.

burden in demonstrating that the Court should disturb the jury's credibility and substantive determinations by granting a new trial. (Dkt. No. 265, Attach. 12, at 7-12 [Defs.' Opp'n Mem. of Law].)

### 3. Plaintiff's Reply Memorandum of Law

Generally, in reply to Defendants' opposition memorandum of law, Plaintiff asserts the following four arguments: (1) Plaintiff could not provide Defendants' disclosures to his trial counsel because, when Plaintiff retained his former counsel and stopped representing himself *pro se*, he turned his litigation file over to his attorney without making duplicates; (2) Plaintiff raised the issue regarding his litigation file with both Defendants and the Court in December of 2015 but could not pursue this issue as vigorously as he wanted to after retaining his trial counsel; (3) as he previously argued, Defendants failed to disclose material evidence, including the two petition forms and on-line ratings for his accounting course; and (4) the trial testimony from Mr. Orilio, Mr. Yeh, and Mr. Pfeiffer did not support the jury's verdict. (Dkt. No. 266, at 9-12 [Pl.'s Reply Mem. of Law].)

## II. LEGAL STANDARD GOVERNING A MOTION FOR A NEW TRIAL

Rule 59(a) of the Federal Rules of Civil Procedure provides, in pertinent part, that "[t]he court may, on motion, grant a new trial on all or some of the issues–and to any party– . . . after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court . . . ." Fed. R. Civ. P. 59(a)(1)(A). The Second Circuit has interpreted this standard to permit the granting of new trials when "in the opinion of the district court, the jury has reached a seriously erroneous result or the verdict is a miscarriage of justice." *DLC Mgmt. Corp. v. Town of Hyde Park*, 163 F.3d 124, 133 (2d Cir. 1998) (internal quotation marks omitted);

*Lightfoot v. Union Carbide Corp.*, 110 F.3d 898, 911 (2d Cir. 1997). Examples of such a serious error or a miscarriage of justice include when "the verdict is against the weight of the evidence," or when "for the reasons stated the trial was not fair to the moving party." *Mallis v. Bankers Trust Co.*, 717 F.2d 683, 691 (2d Cir. 1983). However, "the court should only grant a motion for a new trial when the jury's verdict is 'egregious.'" *DLC Mgmt. Corp.*, 163 F.3d at 134 (internal quotation marks omitted); *Dunlap-McCuller v. Riese Org.*, 980 F.2d 153, 158 (2d Cir. 1992), *cert. denied*, 510 U.S. 908, 114 S. Ct. 290 (1993).

### III. ANALYSIS

After carefully considering the matter, the Court denies Plaintiff's motion for each of the reasons stated in Defendants' opposition memorandum of law. *See*, *supra*, Part I.B.2. of this Decision and Order. To those reasons, the Court adds the following three points (which are intended to supplement, but not supplant, those reasons).

First, with respect to Plaintiff's first argument regarding access to his litigation file, Defendants correctly note that the Court directed Plaintiff's former counsel to provide any duplicate or digital documents in her possession to Plaintiff. (Dkt. No. 219, at 6 [Decision and Order].) The Court's Decision and Order further mandated that, "if Plaintiff has counsel, that individual is permitted to go to [prior counsel's] firm, review all files, and have them copied . . . ." (*Id.*) Plaintiff's trial counsel filed a notice of appearance on March 15, 2016 (Dkt. No. 220), which is approximately seven months before the second trial in this matter started on October 4, 2016. Importantly, Plaintiff did not make any additional motions or applications to the Court advising that his former counsel was noncompliant with the Court's Decision and Order. The Court agrees with Defendants that Plaintiff cannot now, after failing to raise any issues or

objections after the Court's Decision and Order, argue that he was prejudiced by any alleged difficulties in gaining access to his complete litigation file.

Second, with respect to Defendants' alleged failure to identify Mr. Pfeiffer, Mr. Yeh, and Mr. Orilio as witnesses until shortly before trial, the Court agrees for the reasons stated by Defendants that this was not unduly prejudicial because (a) Plaintiff did not object to the identification of these three witnesses before trial, and (b) Plaintiff was sufficiently aware of the identities of these individuals as well as the scope of their knowledge. (Dkt. No. 265, ¶¶ 16-18 [Moore Decl.].) *See also Preuss v. Kolmar Labs, Inc.*, 970 F. Supp. 2d 171, 177 (S.D.N.Y. 2013) ("Although Defendant should have complied more diligently with the discovery rules, its failure to disclose Dussinger, Matyus, or Bock as potential witnesses does not warrant the severe sanction of striking their testimony because Plaintiffs were well aware of their identities and the scope of their knowledge."); *Mugavero v. Arms Acres, Inc.*, 03-CV-5724, 2009 WL 1904548, at *5 (S.D.N.Y. July 1, 2009) ("[B]ecause Defendants had reason to know during the discovery period that Peter Mugavero and Dr. Weinshel might have information relevant to Plaintiff's damages claims, her failure to disclose their identity in her discovery responses was harmless, and Defendants' motion to preclude them from testifying is denied."); *Fleet Capital Corp. v. Yahama Motor Corp., U.S.A.*, 01-CV-1047, 2002 WL 31108380, at *2 (S.D.N.Y. Sept. 23, 2002) ("[A] failure to disclose witness information is 'harmless' if the other party was well aware of the identity of the undisclosed witness and the scope of their knowledge well before trial.").

Third, and finally, the Court finds that defense counsel's statements during his summation are insufficient to warrant a new trial. As Plaintiff notes in his memorandum of law, the Court instructed the jury that their credibility determination does not depend on the number

of witnesses that testify. *See Hopson v. Riverbay Corp.*, 190 F.R.D. 114, 122 (S.D.N.Y. 1999) ("Conduct that is '*de minimis* in the context of the entire trial' or that is appropriately dealt with by curative instructions, is not sufficient to warrant a new trial."). Furthermore, Plaintiff failed to object to any portion of Defendants' summation during trial. *See Claudio v. Mattituck-Cutchogue Union Free Sch. Dist.*, 955 F. Supp. 2d 118, 158 (E.D.N.Y. 2013) ("[D]efendant's claim to have been prejudiced by the summation is undermined by the fact that it did not object to the statements in question during trial."); *Okraynets v. Metro. Transp. Auth.*, 555 F. Supp. 2d 420, 430 (S.D.N.Y. 2008) (concluding that defendants did not show "undue prejudice" arising from summation comment where defendant's counsel did not object to the comment when made or move after summation for it to be stricken from the record).

For all of these reasons, Plaintiff's motion is denied.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's motion for a new trial pursuant to Fed. R. Civ. P. 59 (Dkt. No. 263) is **DENIED**.

Dated: September 29, 2017
       Syracuse, New York

_____
Hon. Glenn T. Suddaby
Chief, U.S. District Judge